UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL TRUJILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. FICKES,<br><br>　　　　　Defendant. | No. 2:18-cv-1805 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.　　Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2   § 1915(b)(2).

3       II.    <u>Statutory Screening of Prisoner Complaints</u>

4       The court is required to screen complaints brought by prisoners seeking relief against "a
5   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).
6   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
7   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
8   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9       A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
10  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
12  theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639,
13  640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as</u>
14  <u>stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
15  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
16  <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

17      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
18  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
19  what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550
20  U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).
21  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
22  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>,
23  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
24  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
25  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
26  speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
27  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
28  cognizable right of action.'"  <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4  Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

5  content that allows the court to draw the reasonable inference that the defendant is liable for the

6  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

7  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11    III.   Complaint

12    Plaintiff alleges that defendant Fickes violated his rights under the Eighth Amendment by

13 labeling him a "snitch" in front of more than a hundred other inmates, putting him in danger of

14 retaliation. ECF No. 1 at 12. Specifically, he alleges that as a member of the Men's Advisory

15 Council (MAC), he asked defendant to announce a MAC meeting over the housing unit intercom

16 and defendant complied by announcing "'M.A.C. Rep's are having a snitch meeting in the chow

17 hall, flag if you want to go.'" Id. When plaintiff asked defendant if his statement was necessary,

18 defendant said "'Get the F_ _ _ out of my building, M.A.C.'s don't have S_ _ _ coming.'" Id.

19 (alteration in original). Between 150 and 200 inmates heard defendant's announcement and saw

20 plaintiff near the defendant, connecting him as the "snitch" in defendant's statement. Id.

21    IV.   Eighth Amendment

22    The Eighth Amendment's prohibition against cruel and unusual punishment protects

23 convicted prisoners. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). It allows prisoners to

24 challenge their treatment while in prison. Helling v. McKinney, 509 U.S. 25, 31 (1993). It also

25 imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the

26 inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1970) (citations and internal quotation marks

27 omitted). This duty includes protecting a prisoner from violence done by other prisoners. Id. at

28 833 (citation omitted).

3

Cruel and unusual punishment is established where the plaintiff makes (1) an objective showing that the deprivation was "sufficiently serious," and (2) a subjective showing that the prison official acted with "deliberate indifference to inmate health or safety." Id., 411 U.S. at 834 (internal quotation marks omitted) (quoting Wilson v. Seiter, 501 U.S. 294, 298, 302-03 (1991)). Deliberate indifference is found where a prison official "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Deliberate indifference may be found where a prison official labels an inmate a snitch knowing the danger such a label may cause. See, e.g., Lyons v. Dicus, 663 F. App'x 498, 501 (9th Cir. 2016).

V. Failure to State a Claim

Plaintiff's allegations against defendant Fickes are insufficient to state a claim for relief, because he has not shown that defendant knew that labeling the MAC meeting a "snitch meeting" would put plaintiff in danger. ECF No. 1 at 12.

The MAC's purpose is to gather inmate concerns and report them to the warden. Id. at 12; see also Cal. Code Regs. tit. 15, § 3230(a)(1). Additionally, MAC members are elected by their fellow inmates, Cal. Code Regs. tit. 15, § 3230(c), and members are to be "highly visible and recognizable to the general inmate population," Cal. Dep't of Corrs. & Rehab., Department Operations Manual, ch. 5, art. 38, § 53120.7.4 (Jan. 2, 1990). Inmates are also made aware of the agenda for and results of all MAC meetings. Id., § 53120.7.3. Given the visibility of MAC members and meetings within the inmate population, the mere description of a MAC meeting as a "snitch meeting" does not support an inference that plaintiff was put at serious risk of harm or that defendant was aware of such risk and was deliberately indifferent to plaintiff's safety. Plaintiff has not alleged sufficient facts to show that defendant's deliberate actions exposed him to harm or to what type of harm plaintiff was exposed.

Because the addition of other facts may cure this problem, plaintiff will be given the opportunity to amend his complaint.

VI. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo

4

1    v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

2    each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

3    Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

4    or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

5    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

6    participation in civil rights violations are not sufficient . . . ."  Ivey v. Bd. of Regents, 673 F.2d

7    266, 268 (9th Cir. 1982) (citations omitted).

8        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

9    his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

10   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

11   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

12   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

13   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

14   in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

15   complaint, the original complaint no longer serves any function in the case.  Therefore, in an

16   amended complaint, as in an original complaint, each claim and the involvement of each

17   defendant must be sufficiently alleged.

18       VII.    Plain Language Summary of this Order for a Pro Se Litigant

19       Your request to proceed in forma pauperis is granted and you are not required to pay the

20   entire filing fee immediately.

21       You are being given leave to amend because the facts you have alleged in the complaint

22   are not enough to state a claim for relief.  Your allegations against defendant Fickes do not state a

23   claim for relief because you have not shown how defendant calling the MAC meeting a "snitch

24   meeting" put you at risk of harm.  You also have not shown what type of harm you were at risk of

25   as a result of defendant's actions.

26       You may amend your complaint to include more facts to try to state a claim.  If you

27   choose to amend your complaint, the first amended complaint must include all of the claims you

28   want to make because the court will not look at the claims or information in the original

complaint.  **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: February 2, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE